```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANNSELM MORPURGO, M.A.,

                Plaintiff,
                                            ORDER ADOPTING REPORT
        -against-                           AND RECOMMENDATION
                                            07-CV-1149 (JS)(AKT)
THE INCORPORATED VILLAGE OF SAG
HARBOR, and Gregory N.
Ferraris as appointed Mayor,
Edward Deyermond as retiring
elected Mayor, and J. Doe #1
through #N of the elected Board
of Trustees, SAG HARBOR VILLAGE
POLICE, and Thomas Fabiano as
Police Chief, Police Officer
Patrick Milazzo, and SAG HARBOR
VILLAGE BUILDINGS DEPARTMENT, and
Timothy Platt as Fire Marshal/
Code Enforcer, and Building
Inspector Albert Daniels as
material witness, SUFFOLK COUNTY
WATER AUTHORITY, and Paul Greenwood
as Assistant Superintendent, CALECA
& TOWNER, P.C., Andrew T. Tower,
Esq., JOHN JERMAIN MEMORIAL LIBRARY,
Gregory N. Ferraris as President of
the Board of Trustees, and J. Doe #1
Through #N of the appointed or
elected Board of Trustees, JOHN
JERMAIN FUTURE FUND, Gail Slevin
and Gregory N. Ferraris, CPA, LLC,
as Contacts, and J. DOE #1 through
#N as subscribers, GREGORY N.
FERRARIS, THOMAS FABIANO, PATRICK
MILAZZO, TIMOTHY PLATT, PAUL
GREENWOOD, CHRISTINE STANLEY a/k/a
HELGA MORPURGO, ANDREW T. TOWNER,
ESQ., MICHAEL A. WOLOHOJIAN, PETER
DARROW, and other persons J. DOE #1
through #N as other conspiring
individuals upon Discovery,

                Defendants.

----------------------------------X
```

Appearances:
For Plaintiff:　　　　　　　Annselm Morpurgo, Pro se
　　　　　　　　　　　　　　6 Union Street
　　　　　　　　　　　　　　P.O. Box 1650
　　　　　　　　　　　　　　Sag Harbor, NY 11963

For Defendants:
Village of Sag　　　　　　　David H. Arntsen, Esq.
Harbor, Sag Harbor　　　　　Devitt Spellman Barrett
Village Police, Sag　　　　 50 Route 111
Harbor Village Buildings　 Smithtown, NY 11787
Dept., Gregory N.
Ferraris, Patrick
Milazzo, and Timothy
Platt


Suffolk County Water　　　　Patrick Brian Fife, Esq.
Authority and Paul　　　　　Twomey Latham Shea Kelley Dubin &
Greenwood　　　　　　　　　　Quartararo LLP
　　　　　　　　　　　　　　33 West 2nd Street
　　　　　　　　　　　　　　P.O. Box 9398
　　　　　　　　　　　　　　Riverhead, NY 11901

Caleca & Towner, PC　　　　 Andrew Taras Towner, Esq.
and Andrew Towner,　　　　　Caleca and Towner, PC
Esq.　　　　　　　　　　　　 257 Pantigo Road
　　　　　　　　　　　　　　East Hampton, NY 11937


John Jermain Memorial　　　 Wade Thomas Dempsey, Esq.
Library　　　　　　　　　　　Hammill, O'Brien, Croutier & Dempsey &
　　　　　　　　　　　　　　Pender, P.C.
　　　　　　　　　　　　　　154 Terry Road
　　　　　　　　　　　　　　P.O. Box 883
　　　　　　　　　　　　　　Smithtown, NY 11787

John Jermain Future　　　　 Nica B. Strunk, Esq.
Fund　　　　　　　　　　　　 Esseks Hefter & Angel
　　　　　　　　　　　　　　P.O. Box 279
　　　　　　　　　　　　　　108 East Main Street
　　　　　　　　　　　　　　Riverhead, NY 11901

Christine Stanley　　　　　 Christine Stanley, Pro se
a/k/a Helga Morpurgo　　　　207 Accabonac Road, Apt. 29
　　　　　　　　　　　　　　East Hampton, NY 11937

| | |
|---|---|
| Peter Darrow | Richard A. Spehr, Esq.<br>Meyer Brown LLP<br>1675 Broadway<br>New York, NY 10019-5820 |
| Michael A. Wolohojian | No Appearance |

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation for Plaintiff's order to show cause for a preliminary injunction and temporary restraining order against Defendants, dated October 11, 2007 ("Report and Recommendation"). Presently pending before the Court is Plaintiff's objections, filed with the Court on October 17, 2007, to Magistrate Judge Tomlinson's recommendation that the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order and abstain from exercising jurisdiction over this action. Defendants had ten days in which to respond to Plaintiff's objections. The time to respond has passed and none of the Defendants filed a response.

## BACKGROUND

The Report and Recommendation sets forth the facts and procedural background of this case in a thorough manner, and therefore, the Court will not recite them. Additional facts, which are important to this Court's determination, are as follows.

On October 12, 2007, the day after the Report and Recommendation was issued, the partition auction was held. The winning bid for the premises at issue here was $1,460,000.00.

3

(Pl.'s Obj. to R&R ¶ 2.)  Based upon representations made by Plaintiff, it is believed that the closing is scheduled for November 12, 2007.

DISCUSSION

I.  Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C); see also Fed. R. Civ. P. 72(b).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815,

817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Plaintiff's objections are mainly general in nature and challenge the recommendation made by Magistrate Judge Tomlinson – to deny the request for a preliminary injunction and temporary restraining order. Although Plaintiff reiterates the arguments she made to Magistrate Judge Tomlinson in support of her request for a preliminary injunction and temporary restraining order and offers additional statements of how she perceives the facts, the Court is able to decipher only three specific objections to the Report and Recommendation. The Court, therefore, reviews the majority of the Report and Recommendation for clear error.

As best the Court can tell, Plaintiff's specific objections to the Report and Recommendation are that (1) it was issued nearly six weeks after the preliminary injunction hearing and on the eve of the partition auction, (2) Magistrate Judge Tomlinson narrowly construed Plaintiff's claims and arguments and (3) the "Factual Background" section of the Report and Recommendation placed undue weight on Defendant Andrew Towner's Affirmation in Opposition in explaining that Plaintiff came to this Court to seek relief she could not obtain in state court. The

remainder of Plaintiff's objections simply restate arguments made to and considered by Magistrate Judge Tomlinson or deal with issues not relevant to the underlying request. The specific objections are to be reviewed de novo. Under the de novo standard, the Court must make an independent determination of the specified issues, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. See Fed. R. Civ. P. 72(b). Before addressing Plaintiff's specific objections, however, the Court first analyzes whether it should abstain from exercising jurisdiction.

## II. Younger Abstention

Before the Court can consider the pending preliminary injunction motion, the Court must first determine whether it should exercise jurisdiction over the underlying action. As noted by Magistrate Judge Tomlinson, Plaintiff's request for emergency relief brings to light the fact that many of the allegations raised by Plaintiff in the instant action are already the subject of litigation in the Supreme Court of the State of New York, County of Suffolk, Index No. 05554-03 (the "State Action"). Based on the following reasons, the Court finds it is required to abstain from exercising jurisdiction over this action.

A.   Initial Determination Of Younger's Applicability

Under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), federal courts generally are required to abstain from "taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). Although abstention is not routinely exercised, it is required when three circumstances are present. See Hindu Temple Soc'y of North America v. Supreme Court of the State of New York, 335 F. Supp. 2d 369, 372 (E.D.N.Y. 2004) ("Abstention from the exercise of jurisdiction is an exception, rather than the rule.").

> Younger abstention is mandatory when: (1) there is pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.

Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003); see also Diamond "D" Constr. Corp., 282 F.3d at 198. While Younger abstention originally was "born in the context of state criminal proceedings," Diamond "D" Constr. Corp., 282 F.3d at 198, it has equal application to certain civil proceedings. See Huffman v. Pursue, Ltd., 420 U.S. 592, 604, 95 S. Ct. 1200, 1208, 43 L. Ed. 2d 482 (1975) (finding Younger abstention required in deference to a pending state nuisance action); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11, 107 S. Ct. 1519, 95 L. Ed. 2d

7

1 (1987) (noting that the doctrine of abstention also applies to certain civil proceedings).

The first <u>Younger</u> requirement – an ongoing state proceeding – is satisfied. It is undisputed that Plaintiff and Defendant Helga Morpurgo, as well as other persons and entities not party to the federal action, are parties to the State Action, which is more fully described in the Report and Recommendation. An August 7, 2007 interlocutory order in the State Action granted federal Defendant, and state plaintiff, Helga Morpurgo's motion for summary judgment seeking partition. As noted in the Report and Recommendation, "the state court retained jurisdiction over certain aspects of the case, including, <u>inter</u> <u>alia</u>, the rightful distribution of 25% of the net proceeds of the sale of the Property." (R&R at 30.) Furthermore,

> 'regardless of when . . . [a state court's] judgment becomes final, . . . a necessary concomitant of <u>Younger</u> is that a party . . . must exhaust his state appellate remedies before seeking redress in the District Court, unless he can bring himself within one of the exceptions specified in <u>Younger</u>' . . . .

<u>Kirschner</u>, 225 F.3d at 234 (<u>quoting</u> <u>Huffman</u>, 420 U.S. at 608) (alterations in original). Accordingly, even if the judgment in the State Action were final, the federal Plaintiff is required to exhaust her state judicial remedies prior to bringing an action in federal court.

At the preliminary injunction hearing before Magistrate

Judge Tomlinson, Plaintiff testified that she filed notices of appeal with respect to each and every order issued in the State Action. (Preliminary Injunction Hr'g Tr. 10, Aug. 31, 2007.) Because the state court denied her request to proceed in forma pauperis, however, she could not afford to pursue any of those appeals. (Id. at 11.) As a result, the appellate division allowed Plaintiff to withdraw the appeals without prejudice. (Id.) Furthermore, Plaintiff, in her own words, effectively seeks to have this Court sit as an appellate court and review the orders issued in the State Action. (Id. ("Because the pauperis application was accepted by the federal court and I believe that the appeals, all the orders interlocutory appeals can probably be reconstituted here at the appellate division level of the Court as well . . . .").) As the Supreme Court explained, however, "[w]e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising it its courts if a federal district court were permitted to substitute itself for the State's appellate courts." Huffman, 420 U.S. at 609. The Court finds, therefore, that there is an ongoing state proceeding.

The second Younger requirement – important state interest – is also satisfied. This Court agrees with Magistrate Judge Tomlinson that the state court has an important interest in adjudicating "the real property rights of common tenants in, inter alia, partition actions." (R&R at 26-27.) Additionally, the state

9

statute pertaining to partitions of real property further establishes an important state interest. (Id. at 27; see also N.Y. Real Prop. Act & Proceedings Law § 901(1).) Moreover, at this point, after spending approximately four years litigating in state court, "the state's interest has broadened to include a strong interest in enforcing its judicial orders and judgments." Hindu Temple Soc'y, 335 F. Supp. 2d at 373; see also Pennzoil, 481 U.S. at 12-13 (recognizing a state interest in "administering certain aspects of [its] judicial system"); Davidson, 956 F. Supp. at 269-70 ("it is beyond debate that New York State has an important interest in the accurate and bias-free functioning of its judicial system").

Finally, the Court finds the last Younger factor – adequate opportunity to raise claims in state court – has also been met. It is well-settled that Section 1983 claims may be raised in state-court proceedings. See Maine v. Thiboutout, 448 U.S. 1, 10-11, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("§ 1983 actions may be brought in state courts"); Davidson v. Garry, 956 F. Supp. 265, 269 n.3 (E.D.N.Y. 1996). Furthermore, Plaintiff explained to Magistrate Judge Tomlinson that she attempted to bring cross-claims and counter-claims relating to her Section 1983 allegations in the State Action, but they were dismissed on a technicality and there was some mix-up with the filing fees. (PI Hr'g Tr. 14-16.) When Magistrate Judge Tomlinson further questioned Plaintiff about her

10

failure to bring the Section 1983 claims, which are alleged in the federal Complaint, in the State Action, Plaintiff explained that she did not attempt to raise the latest violation of her "civil rights,"

> very simply because it is time to bring it to the federal level, it is a federal question, and obviously I cannot afford to litigate this thing except on a pro se pauperis basis, and I've been denied this in the state court so often before that it is time to have to choose the federal court which is my right to do and therefore I came here.

(Id. at 16-17.) Plaintiff cannot simply choose to now raise her claims in federal court because she is dissatisfied with the results in the State Action or mistrustful of the state courts. Principles of comity and underlying Younger specifically dictate against a federal court exercising jurisdiction under these circumstances.

> The spirit animating Younger is that the state courts can be trusted to follow the mandates of the federal constitution. See Spargo, 351 F.3d at 75 ("Giving states 'the first opportunity . . . to correct their own mistakes' when there is an ongoing state proceeding serves the vital purpose of 'reaffirming the competence of the state courts,' and acknowledging the dignity of states as co-equal sovereigns in our federal system.") (quoting Diamond "D" Constr., 282 F.3d at 200). Indeed, a challenge to the state court's effectuation of its judgments is precisely what the plaintiff should raise on appeal through the state court -- not in a parallel, contemporaneous attack in federal court.

Hindu Temple Soc'y, 335 F. Supp. 2d at 374 (alteration in

original).  Additionally, as noted in the Report and Recommendation, "[a] review of the October 15, 2004 and August 7, 2007 Orders in the State Action show that Plaintiff had an opportunity to raise certain issues."  (R&R at 29.)  Namely, Plaintiff's allegations of constitutional violations.  The fact that the state court has denied Plaintiff's request to proceed <u>in forma pauperis</u>, did not preclude her from raising her claims of civil rights violations in the State Action.  Accordingly, the Court finds that Plaintiff had an "'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issues in [this] federal suit." <u>Hindu Temple Soc'y</u>, 335 F. Supp. 2d at 374 (<u>quoting</u> <u>Spargo</u>, 351 F.3d at 77) (additional internal quotations and citations omitted).

    B.   <u>Exceptions To Younger Abstention</u>

Having determined that the <u>Younger</u> doctrine applies, this Court is required to abstain from exercising jurisdiction over this action based on concerns for comity, unless there is a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." <u>Younger</u>, 401 U.S. at 54.  The concern for comity and deference to the state dissipates when the state proceeding is brought with "malevolent intent" or "no legitimate purpose." <u>Double "D" Constr. Corp.</u>, 282 F.3d at 200.  A plaintiff who seeks to avoid <u>Younger</u> abstention based on one of the exceptions bears the burden of showing that the exception applies.

See Kirschner v. Klemons, 225 F.3d 227, 235-36 (2d Cir. 2000).

### 1. "Bad Faith" Exception

To invoke the "bad faith" exception, "the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." Diamond "D" Constr. Corp., 282 F.3d at 199. Under this exception, it is not enough for the federal plaintiff to show that the state proceedings were conducted in an inappropriate manner; rather, the federal plaintiff must demonstrate that the state proceeding was commenced for an illegitimate purpose. See id. at 200. While Plaintiff makes some conclusory allegations regarding how the State Action has been handled, there is no evidence or suggestion that the State Action was initiated in bad faith, to harass or for any other illegitimate motive.

### 2. "Extraordinary Circumstances" Exception

The "extraordinary circumstances" exception has been described as an exception in which the circumstances "render the state court incapable of fairly and fully adjudicating the federal issues before it" and create "an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler v. Helfant, 421 U.S. 117, 124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975). The Second Circuit has further refined this exception into a two-pronged inquiry: "(1) that there be no state remedy available to

meaningfully, timely, and adequately remedy the alleged constitutional violation; and (2) that a finding be made that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." Double "D" Constr. Corp., 282 F.3d at 201 (quoting Trainer v. Hernandez, 431 U.S. 434, 441-42 & n.7, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977)). Having previously determined that there does exist an available and adequate state remedy to address the alleged constitutional violations, the Court finds that there are no extraordinary circumstances warranting the Court to exercise jurisdiction despite the applicability of Younger.

Consequently, the Court finds that it is required to abstain from taking jurisdiction over this action. Accordingly, the Court ADOPTS Magistrate Judge Tomlinson's finding and analysis set forth in the Report and Recommendation with respect to Younger abstention. As a result, the Court does not reach the merits of Plaintiff's request for a preliminary injunction and temporary restraining order or the remainder of the Report and Recommendation.

## CONCLUSION

Magistrate Judge Tomlinson, in her thorough and well-reasoned opinion, recommended that the Court deny, in its entirety, Plaintiff's motion for a preliminary injunction and temporary restraining order and that the Court abstain from exercising its

14

jurisdiction pursuant to Younger.  Having conducted a de novo review of the Younger abstention doctrine, the Court agrees with Judge Tomlinson's conclusion, and finds that this Court is required to abstain from exercising jurisdiction over this action.  For the reasons set forth above, the Court hereby ADOPTS that portion of the Report and Recommendation concerning Younger abstention.  As a result, the Court does not reach the merits of Plaintiff's request for a preliminary injunction or the remainder of the Report and Recommendation.  The Clerk of the Court is directed to mark this matter CLOSED and to terminate all pending motions.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
November 8, 2007