| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | CIVIL CONFERENCE | |
| EASTERN DISTRICT OF NEW YORK | | MINUTE ORDER | |
| | | | |
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 7/24/09 |
| | U.S. MAGISTRATE JUDGE | TIME: | 11:30 AM |

*Morpurgo -v- Incorporated Village of Sag Harbor, et al.*, **CV 07-1149 (JS) (AKT)**

TYPE OF CONFERENCE:   **STATUS CONFERENCE**

APPEARANCES:   Plaintiff   Annselm Morpurgo - *Pro Se*

　　　　　　　　Defendant   Diane Farrell (Sag Harbor Defendants)
　　　　　　　　　　　　　Patrick B. Fife (Suffolk County Water Authority)
　　　　　　　　　　　　　Andrew Towner (Caleca & Towner, A. Towner, &
　　　　　　　　　　　　　　　H. Morpurgo)
　　　　　　　　　　　　　Maureen Quinn (John Jermain Memorial Library)
　　　　　　　　　　　　　Sharon A. Sandell (Peter Darrow)


THE FOLLOWING RULINGS WERE MADE:

1.  I met with the parties today regarding the Second Circuit's remand of Plaintiff's claims for monetary damages under Section 1983. I further discussed with the parties Justice Baisley's Order dated July 8, 2009, indicating that no final judgment has been entered in the state court proceedings. For now, and until further consultation with Judge Seybert, I am STAYING further discovery pending entry of a final judgment in the state court proceedings.

2.  The parties have informed me that Justice Baisley has set a trial date of August 10, 2009. Attorney Towner is requested to file notice on ECF when the state court trial is concluded.

3.  Counsel for Defendants Suffolk County Water Authority and Peter Darrow requested that the Court review their Motions to Dismiss, DE 34-35 and DE 56-59, respectively, since they are not parties to the state court proceedings. I stated that I would take this up with District Judge Seybert.

4.  One of the Defendants raised with regard to Plaintiff's continuing *in forma pauperis* status based upon the sale of Plaintiff's house and the proceeds received by Plaintiff for the sale. Plaintiff claims that the proceeds were never passed through her hands but rather were given directing to Mr. Graseck who is representing Plaintiff in the state court proceeding. I told Defendants' counsel that if they wish to take action with regard to this issue, they must file formal motion papers with Judge Seybert who granted the *in forma pauperis* status in the first instance.

5.  Plaintiff stated that she believes Attorney Towner should be disqualified from representing Defendant Helga Morpurgo because of a potential conflict of interest. I advised Plaintiff that if she wishes to have the Court intervene, she must file formal motion papers. I further advised Plaintiff that she must bring such a motion in good faith, with substantial foundation in the law. Otherwise, Plaintiff could be subjecting herself to the imposition of sanctions.

6. Counsel for the Sag Harbor Defendants is respectfully directed to serve a copy of this Order upon Plaintiff Pro Se forthwith and to file proof of service on ECF.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge